**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIAN DIXON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IROBOT CORPORATION, COLIN ANGLE, MOHAMAD ALI, DEBORAH G. ELLINGER, KAREN M. GOLZ, RUEY-BIN KAO, EVA MANOLIS, ANDREW MILLER, and MICHELLE V. STACY,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brian Dixon ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against iRobot Corporation ("iRobot" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Amazon.com, Inc. ("Amazon").[1]

2. On August 4, 2022, the Company entered into an Agreement and Plan of Merger with Amazon and Martin Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). The

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger Agreement provides that Amazon's stockholders will receive $61.00 in cash for each share of Company common stock held.

3.     The Company's corporate directors subsequently authorized the September 7, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal

---

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for October 17, 2022.

question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of iRobot common stock.

10. Defendant iRobot is a Delaware corporation with its principal executive offices located at 8 Crosby Drive, Bedford, Massachusetts 01730.  iRobot's shares trade on the Nasdaq Global Select Market under the ticker symbol "IRBT."  Founded in 1990, iRobot designs, builds, and sells robots and home innovation products in the United States, Europe, the Middle East, Africa, Japan, and internationally.  The Company's offerings include floor care products, including the Roomba floor vacuuming robots and Roomba accessories and consumable and the Braava family of automatic floor mopping robots and Braava accessories and consumables.  iRobot also provides the portable H1 Handheld Vacuum and accessories and air purifiers under the Aeris brand, among other things.

11. Defendant Colin Angle is and has been Chairman of the Board and Chief Executive Officer and a director of the Company at all times relevant hereto.

12. Defendant Mohamad Ali is and has been Lead Independent Director of the Board and a director of the Company at all times relevant hereto.

13. Defendant Deborah G. Ellinger is and has been a director of the Company at all times relevant hereto.

14. Defendant Karen M. Golz is and has been a director of the Company at all times relevant hereto.

15. Defendant Ruey-Bin Kao is and has been a director of the Company at all times relevant hereto.

16. Defendant Eva Manolis is and has been a director of the Company at all times relevant hereto.

17. Defendant Andrew Miller is and has been a director of the Company at all times relevant hereto.

18. Defendant Michelle V. Stacy is and has been a director of the Company at all times relevant hereto.

19. Defendant Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On August 5, 2022, Amazon and iRobot jointly announced in relevant part:

SEATTLE and BEDFORD, Mass., Aug. 5, 2022 /PRNewswire/ -- Today Amazon (NASDAQ:AMZN) and iRobot (NASDAQ:IRBT) announced that they have entered into a definitive merger agreement under which Amazon will acquire iRobot. iRobot has a history of making customers' lives easier with innovative cleaning products for the home. iRobot has continued to innovate with every product generation, solving hard problems to help give customers valuable time back in their day.

"We know that saving time matters, and chores take precious time that can be better spent doing something that customers love," said Dave Limp, SVP of Amazon Devices. "Over many years, the iRobot team has proven its ability to

reinvent how people clean with products that are incredibly practical and inventive—from cleaning when and where customers want while avoiding common obstacles in the home, to automatically emptying the collection bin. Customers love iRobot products—and I'm excited to work with the iRobot team to invent in ways that make customers' lives easier and more enjoyable."

"Since we started iRobot, our team has been on a mission to create innovative, practical products that make customers' lives easier, leading to inventions like the Roomba and iRobot OS," said Colin Angle, chairman and CEO of iRobot. "Amazon shares our passion for building thoughtful innovations that empower people to do more at home, and I cannot think of a better place for our team to continue our mission. I'm hugely excited to be a part of Amazon and to see what we can build together for customers in the years ahead."

Amazon will acquire iRobot for $61 per share in an all-cash transaction valued at approximately $1.7 billion, including iRobot's net debt. Completion of the transaction is subject to customary closing conditions, including approval by iRobot's shareholders and regulatory approvals. On completion, Colin Angle will remain as CEO of iRobot.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 7, 2022. The Proxy Statement, which recommends that iRobot stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company, as well as the financial analyses underlying the fairness opinion provided by Qatalyst Partners LP ("Qatalyst"), financial advisor to the Board; and (b) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning Financial Forecasts for iRobot and Qatalyst's Financial Analyses*

22. The Proxy Statement fails to disclose material information concerning the financial forecasts for iRobot and Amazon, including the "the consensus of third-party research analysts' projections of the future financial performance of the Company as of August 3, 2022

(the "analyst projections")" relied upon by Qatalyst in connection with the financial analysis underlying its fairness opinion.[3]

23.     The Proxy Statement also fails to disclose material information concerning Qatalyst's financial analyses.

24.     With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Qatalyst, the Proxy Statement fails to disclose: (a) iRobot's terminal values; (b) the inputs and assumptions underlying the range of discount rates Qatalyst utilized in connection with the analysis; and (c) iRobot's fully diluted outstanding shares.

25.     With respect to the *Selected Companies Analysis* performed by Qatalyst, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies and transactions analyzed by Qatalyst.

26.     With respect to the *Present Value of Analyst Price Target* analysis performed by Qatalyst, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies analyzed by Qatalyst, as well as the Company's fully diluted outstanding shares, as adjusted.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

27.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Amazon's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

---

[3] *See* Proxy Statement at 55.

28.     The omission of the above-referenced information renders statements in the "Certain iRobot Unaudited Prospective Financial Information," "Opinion of Qatalyst Partners LP," "Background of the Merger," and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

29.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of iRobot will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and iRobot**

30.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. iRobot is liable as the issuer of these statements.

32.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of iRobot within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of iRobot and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly,

the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as

follows:

  A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 5, 2022    **LONG LAW, LLC**

          By: */s/ Brian D. Long*
            Brian D. Long (#4347)
            3828 Kennett Pike, Suite 208
            Wilmington, DE 19807
            Telephone: (302) 729-9100
            Email: BDLong@LongLawDE.com

          *Attorneys for Plaintiff*